

I N  T H E

# Court of Appeals of Indiana

Perry County, Indiana; The Board of Commissioners of the
County of Perry (Indiana); Randy Cole; Randy Kleaving;
Rebecca Thorn,

*Appellants-Defendants*



FILED

Apr 29 2024, 10:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

Keith D. Huck,

*Appellee-Plaintiff*

April 29, 2024

Court of Appeals Case No.
24A-PL-418

Appeal from the Perry Circuit Court

The Honorable Justin B. Mills, Special Judge

Trial Court Cause No.
62C01-2401-PL-31

**Opinion by Judge Mathias**

Judges Tavitas and Weissmann concur.

**Mathias, Judge.**

## Facts, Procedural History, and Issue on Appeal

[1] The facts in this expedited appeal are not in dispute. Keith Huck is an elected member of the Perry County Common Council. In June 2023, during his term as a councilman, the Perry County Board of Commissioners ("the Board") publicly voted to no longer provide health insurance coverage to part-time employees effective January 2024. As Huck averaged only nine work hours per month as a councilman, he lost his insurance coverage. He did not obtain alternative coverage following the Board's June 2023 vote.

[2] Huck filed a petition for a preliminary injunction to require the Board to provide him with health insurance coverage on the theory that, as an elected county official, he is necessarily a full-time employee, regardless of his actual hours worked. The trial court agreed and entered a preliminary injunction in Huck's favor. The Board then moved for expedited consideration of this interlocutory appeal, which we granted.

[3] We consider the following dispositive issue: whether elected county officials are per se full-time employees such that counties must provide them with health insurance coverage. We conclude that they are not. Accordingly, we reverse the

trial court's preliminary injunction for Huck and remand for further proceedings consistent with this opinion.

## Discussion and Decision

The Board appeals the trial court's preliminary injunction for Huck. Our resolution of this appeal hinges on the trial court's conclusion that Huck satisfied the first requirement for a preliminary injunction, namely, that he had established a reasonable likelihood of success on the merits of his claim. *See Members of Med. Licensing Bd. v. Planned Parenthood Great Nw., Haw., Alaska, Ind., Ky., Inc.*, 211 N.E.3d 957, 964 (Ind. 2023).

It is well settled that the grant of a preliminary injunction rests within the sound discretion of the trial court, and our review is limited to whether the court abused that discretion. *Id.* But one way a trial court abuses its discretion is by misinterpreting the law. *Id.* And where, as here, our analysis of the reasonable-likelihood-of-success requirement turns on the trial court's interpretation of purely legal issues, we review those issues de novo. *Id.* at 965.

Indiana Code chapter 5-10-8 (2022) describes health insurance benefits for public employees. In particular, section 5-10-8-1(1) defines an "employee" as follows:

> (A) an elected or appointed officer or official, or a full-time employee;
>
> (B) if the individual is employed by a school corporation, a full-time or part-time employee;

(C) for a local unit public employer, a full-time or part-time employee or a person who provides personal services to the unit under contract during the contract period; or

(D) a senior judge appointed under IC 33-24-3-7;

whose services have continued without interruption at least thirty (30) days.

And section 5-10-8-2.6(b), which applies to local unit public employers and employees, states in relevant part: "A public employer may provide programs of group insurance for its employees . . . . *The public employer may, however, exclude part-time employees* . . . from any group insurance coverage that the public employer provides to the employer's full-time employees." (Emphasis added.) Finally, we note that section 5-10-8-2.6(d) states that "[a]n insurance contract for local employees under this section may not be canceled by the public employer during the policy term of the contract."

[7] We conclude that, as an elected official, Huck is an employee under those statutes. But that is not the end of the inquiry. The statutes confer on local boards the authority to exclude employees from health insurance coverage based on their status as full-time or part-time employees, and the statutes neither define "full-time" and "part-time" employees nor exempt elected officials from that consideration. *See* I.C. § 5-10-8-2.6(b). Thus, under the plain language of the statutes, the Board had the authority to discontinue health insurance coverage for an elected official who was also a part-time employee.

[8] Absent clear direction from our General Assembly to the contrary, the definition of "full-time" and "part-time" employees here is controlled by federal law. And, as directed by the Affordable Care Act, the Internal Revenue Service has defined a "full-time employee" as "an employee employed on average at least 30 hours of service per week, or 130 hours of service per month." *Identifying Full-time Employees*, irs.gov, https://www.irs.gov/affordable-care-act/employers/identifying-full-time-employees (last accessed on Apr. 25, 2024).[1]

[9] The evidence here is undisputed that Huck's actual work hours averaged about nine hours per month. He is therefore not a full-time employee. And that enabled the Board to exclude him from future health insurance coverage. I.C. § 5-10-8-2.6(b).

[10] We briefly address Huck's additional arguments on appeal. First, he asserts that, because he is an elected official, he is not required to keep a record of his hours worked nor is he paid hourly, which implies that the General Assembly views elected officials as per se full-time employees. Appellee's Br. at 12; *see* I.C. § 36-2-5-13(b). We acknowledge that there is no requirement for elected officials to keep a record of hours worked; however, we also acknowledge that local boards are often well-aware of the hours required to be worked by elected

---

[1] We acknowledge that Indiana's tax code provides that, for purposes of Indiana Code chapter 6-3.1-13, a "full-time employee" means an employee who works "for at least thirty-five (35) hours each week . . . ." I.C. § 6-3.1-13-4.

officials in their counties. Indiana law favors yielding to the discretion of local rule absent state law to the contrary, and, here, we have no state law to the contrary. *See* I.C. §§ 36-1-3-1 to -13. We therefore conclude that the General Assembly intended to allow local boards to exercise their common-sense discretion in determining full-time and part-time elected officials.

[11] Huck also asserts that a Perry County employee handbook, and concomitant ordinances, treats elected officials differently than other employees. Be that as it may, Huck cites no authority for his apparent proposition that a majority vote of the Board to exercise the authority granted to it under Indiana Code section 5-10-8-2.6(b) cannot stand based on an employee handbook or a local ordinance. We therefore reject this argument.

[12] For all of the above-stated reasons, the trial court erred when it concluded that Huck had established a reasonable likelihood of success on the merits of his claim against the Board. As the "[f]ailure to prove any one" of the requirements for a preliminary injunction "requires denying the injunction," we reverse the trial court's entry of the preliminary injunction for Huck, and we remand for further proceedings consistent with this opinion. *Leone v. Comm'r, Ind. Bureau of Motor Vehicles*, 933 N.E.2d 1244, 1248 (Ind. 2010).

[13] Reversed and remanded for further proceedings.

Tavitas, J., and Weissmann, J., concur.

ATTORNEYS FOR APPELLANTS

Anthony W. Overholt
Maggie L. Smith
Alexander P. Will
Frost Brown Todd, LLC
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Keith W. Vonderahe
Dirck H. Stahl
Ziemer Stayman Weitzel & Shoulders, LLP
Evansville, Indiana